UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BLACKROCK ALLOCATION TARGET
SHARES: SERIES S PORTFOLIO AND BLACKROCK
BALANCED CAPITAL PORTFOLIO (FI), et al.,

                Plaintiffs,

-against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY, WELLS FARGO BANK, N.A., et al.,

                Defendants.
-----------------------------------------------------------------X
-----------------------------------------------------------------X
ROYAL PARK INVESTMENTS SA/NV, NATIONAL
CREDIT UNION ADMINISTRATION BOARD,
PHOENIX LIGHT SF LTD., AND COMMERZBANK
AG, et al.,

                Plaintiffs,

-against-

WELLS FARGO BANK, N.A.,

                Defendants.
-----------------------------------------------------------------X

**DECISION & ORDER**

14-CV-09367 (RMB)(SN)
14-CV-09371 (RMB)(SN)

14-CV-09764 (RMB)(SN)
14-CV-10067 (RMB)(SN)
14-CV-10102 (RMB)(SN)
15-CV-10033 (RMB)(SN)

## I. Introduction

This Decision and Order relates to six cases in which "certificate holders" in 888 residential mortgage-backed security trusts ("RMBS" or "Trusts") have brought suit against the trustees of the RMBS ("Trustees") for their alleged failure to discharge their duties and obligations as Trustees. 791 of the Trusts are New York common law trusts ("PSA Trusts"), and the remaining 97 are Delaware statutory trusts ("Indenture Trusts").[1]

---

[1] See Joint Letter from the Parties to the Court, dated Dec. 23, 2015 ("Dec. 23 Joint Letter"), at 1.

1

**For the reasons set forth below, Defendants' motion to dismiss is granted with respect to the Blackrock Plaintiffs' (761) PSA Trust-related claims.**[2]

## II. Background

On November 24, 2014, plaintiff Blackrock Balanced Capital Portfolio ("Blackrock Balanced") filed a complaint against defendant Deutsche Bank National Trust Company ("Deutsche Bank"), who acted as Trustee for 564 RMBS trusts held by Blackrock Balanced. (See Blackrock Balanced Compl., dated Nov. 24, 2014, ¶ 1). That same day, plaintiff Blackrock Allocation Target Shares ("Blackrock Allocation") filed a similar complaint against defendant Wells Fargo Bank ("Wells Fargo"), who acted as Trustee for 273 RMBS trusts held by Blackrock Allocation. (See Blackrock Allocation Compl., dated Nov. 24, 2014, ¶ 1). On March 13, 2015, plaintiffs Royal Park Investments ("Royal Park"), Phoenix Light SF Limited ("Phoenix Light"), and the National Credit Union Administration ("NCUA") filed similar but separate complaints against Wells Fargo, who acted as Trustee for 2 RMBS trusts held by Royal Park, 12 RMBS trusts held by Phoenix Light, and 18 RMBS trusts held by NCUA. (See Royal Park Compl., dated March 13, 2015, ¶ 1; Phoenix Light Compl., dated March 13, 2015, ¶ 1; NCUA Compl., dated March 13, 2015, ¶ 2). And, on December 23, 2015, plaintiff Commerzbank AG ("Commerzbank") filed a similar complaint against Wells Fargo, who acted as Trustee for 19 RMBS trusts held by Commerzbank. (See Commerzbank Compl., dated December 23, 2015, ¶ 1).

---

[2] See infra p. 11 for discussion of "next steps" following this ruling.

The Court is not here ruling on the alternate merits of either parties' claims or defenses, including Defendants' alternative arguments for dismissal.

2

Blackrock Balanced, Blackrock Allocation, Royal Park, Phoenix Light, the NCUA, and Commerzbank (collectively, "Plaintiffs") proceed derivatively – and, in the alternative, on a class action basis – seeking to hold Deutsche Bank and Wells Fargo (collectively, "Defendants") accountable for alleged violation of the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa *et seq.* ("TIA"), breach of contract, negligence, and breach of fiduciary duty. In addition, Royal Park, Phoenix Light, NCUA, and Commerzbank allege violations of the New York Streit Act, New York Real Property Law § 124 *et seq.* (See, Royal Park Compl. ¶ 200; Phoenix Light Compl. ¶ 428; NCUA Compl. ¶ 474; Commerzbank Compl. ¶ 167). In sum, Plaintiffs allege that Defendants breached their duties and obligations as Trustees by: (1) "ignor[ing] pervasive and systemic deficiencies in the underlying [home] loan pools and the servicing of those loans," (see, e.g., Blackrock Balanced Compl. ¶ 1); (2) "fail[ing] to give notice of numerous defaults and breaches of representations and warranties as required under the PSAs, common law and the TIA," (see, e.g., Phoenix Light Compl. ¶ 67); (3) "fail[ing] to enforce the Servicer [i.e., appointees who managed the collection of payments on the home loans] violations or even alert the certificateholders to the Servicers' misconduct," (see, e.g., Commerzbank Compl. ¶ 127); (4) "failing to enforce the Warrantors' [i.e., entities which made representations and warranties as to the credit quality and characteristics of the home loans] obligations to cure, substitute or repurchase [] defective loans as required by the [PSAs] and the TIA," (see, e.g., Royal Park Compl. ¶ 103); and (5) "fail[ing] to foreclose upon properties when appropriate under applicable law [and] fail[ing] to conduct foreclosures in a lawful fashion," (see, e.g., NCUA Compl. ¶ 316).

On April 30, 2015, Defendants filed a joint motion to dismiss pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(1) and 12(b)(6). (See Defs.' Mot. to Dismiss, dated April 30, 2015). Defendants argue, under F.R.C.P. 12(b)(1), that the Court should dismiss (and return to

the New York State courts) claims relating to the PSA Trusts in the two Blackrock Complaints for lack of subject matter jurisdiction because "the Blackrock Plaintiffs rely exclusively on the federal question statute for original jurisdiction but assert only one federal claim under the Trust Indenture Act,"[3] and because the TIA does not apply to PSA Trusts. (Defs.' Mot. to Dismiss at 6) (citing Ret. Bd. of Policemen's Annuity & Benefit Fund of Chi. v. BNY Mellon, 775 F.3d 163-170, (2d Cir. 2014)). Defendants contend that all 761 of the Blackrock Plaintiff's PSA Trust-related claims "arise solely under state law with no supporting diversity jurisdiction, which requires their dismissal." (Defs.' Mot. to Dismiss at 6). Defendants also argue that the Court "cannot exercise supplemental jurisdiction over the Blackrock PSA Trust-related claims," because (1) the "federal TIA claims that relate to Indenture Trusts and their state law claims that relate to the PSA Trusts do not arise from a common nucleus of operative fact," (2) the "state law contract and tort claims predominate over their single federal TIA claim," and (3) "[r]esolution of the almost exclusively state law oriented Blackrock cases would consume considerable federal resources." (Id. at 7, 11).

Defendants argue, under F.R.C.P. 12(b)(6), that (1) "Plaintiff's TIA claims should be dismissed in their entirety [] because there is no federal TIA private cause of action or remedy," (2) Plaintiff's contract claims are "fundamentally flawed" because (i) "Plaintiff's lack standing under the [contracts'] 'negating clauses,'" (ii) the Trusts' General Agreements ("GAs") "either do no obligate Defendants to enforce repurchase obligations at all, or only obligate them to enforce under specific circumstances not pled here," (iii) "Plaintiffs' claims based on alleged breaches of post-Events of Default ("Events of Default") duties should be dismissed because

---

[3] See Blackrock Allocation Compl. ¶ 538 ("Second Cause of Action – Violation of the Trust Indenture Act of 1939"); see also Blackrock Balanced Compl. ¶ 539 (same).

4

Plaintiffs have not pled any Events of Default as defined by the GAs," and (iv) "Plaintiffs fail to allege satisfaction of the notice and cure requirements for Events of Default under either PSA or Indenture Trusts," and (3) "Plaintiffs' tort claims should be dismissed in their entirety [because] all arise out of Defendants' asserted contractual obligations under the GAs, rendering the tort and contract claims impermissibly duplicative." (Id. at 16, 20, 23, 26, 28, 33).

On May 29, 2015, Plaintiffs jointly filed an opposition to Defendants' motion to dismiss. (Pls.' Opp'n, dated May 29, 2015). Apparently acknowledging that the Court does not have original jurisdiction over PSA Trust-related claims (see, e.g., Commerzbank Compl. p. 51 n.5 ("[Plaintiff] acknowledges that the United States Court of Appeals for the Second Circuit has held that the TIA does not apply to RMBS similar to certain of the RMBS at issue here [i.e., PSAs].")), Plaintiffs argue "the only question is whether the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the [] state law claims pertaining to the PSAs." (Pls.' Opp'n at 2). Plaintiffs answer this question in the affirmative, contending that: (1) the PSAs "form part of the 'same case or controversy' as the Indenture claims," (2) "[t]hey derive from a common nucleus of operative fact and would ordinarily be expected to be tried in a single judicial proceeding," and (3) "concerns of judicial economy, convenience, fairness, and comity provide compelling reasons for exercising jurisdiction over all claims." (Id. at 2, 6).

On June 29, 2015, Defendants' jointly filed a reply in which they principally reiterate that the Court "lacks original jurisdiction over the Blackrock Plaintiffs' PSA Trust-related claims, and material differences between the underlying PSAs and Indentures make an exercise of supplemental jurisdiction inappropriate here." (Defs.' Reply, dated June 29, 2015, at 1).

5

### III. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing F.R.C.P 12(b)(1)).

A court may exercise supplemental jurisdiction over state law claims when they are "so related to claims" as to which the court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); see also City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997). "Claims arise under the same case or controversy when they 'derive from a common nucleus of operative fact' and are such that 'one would ordinarily expect them to be tried in one judicial proceeding.'" Blackrock Balanced Capital Portfolio v. HSBC Bank USA, Nat. Ass'n, 95 F. Supp. 3d 703, 708 (S.D.N.Y. 2015) (quoting People ex rel. Abrams v. Terry, 45 F.3d 17, 23 n.7 (2d Cir. 1995)).

"A court may decline to exercise supplemental jurisdiction if . . . the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." Fixed Income Shares: £Series M v. Citibank N.A., No. 14-CV-9373 JMF, 2015 WL 5244707, at *8 (S.D.N.Y. Sept. 8, 2015) (citing 28 U.S.C. § 1367(c)). "In declining to exercise supplemental jurisdiction, the court 'should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Blackrock Allocation Target Shares: Series S Portfolio v. U.S. Bank Nat. Ass'n, No. 14-CV-9401 (KBF), 2015 WL 2359319, at *3 (S.D.N.Y. May 18, 2015) (quoting Int'l Coll. of Surgeons, 522 U.S. at 173).

## IV. Analysis

### The Court May But is Not Required to Exercise Supplemental Jurisdiction Over Blackrock's PSA Trust-Related Claims

Defendants argue, as noted supra pp. 3-4, that "the Court cannot exercise supplemental jurisdiction over the Blackrock PSA Trust-related claims . . . [because] Plaintiff's federal TIA claims that relate to Indenture Trusts and their state law claims that relate to the PSA Trusts do not arise from a common nucleus of fact." (Defs.' Mot. to Dismiss at 7). That is, according to Defendants, "claims involving different Trusts would not arise from the same nucleus of fact because each Trust involves different loans," (Id. at 8), and "Plaintiffs' claims require a 'loan-by-loan and trust-by-trust' examination." (Defs.' Reply at 2) (quoting Ret. Bd. of the Policeman's Annuity, 775 F.3d at 162). Plaintiffs counter that the Court may exercise supplemental jurisdiction over the Blackrock PSA Trust-related claims because "they form part of the 'same case or controversy' as the Indenture claims." (Pls.' Opp'n at 2). Plaintiffs argue that "all of Blackrock's claims arise from Defendants' common conduct in systematically failing to perform their duties as trustees," and "the two types of trusts have many overlapping parties." (Id. at 3).

The Court finds that it may exercise supplemental jurisdiction over Blackrock's PSA Trust-related claims. For one thing, "the fact that Plaintiffs will have to present loan-specific evidence to prevail at trial or on summary judgment does not mean that there is no common nucleus of operative fact between the PSA Trust claims and the Indenture Trust claims." See Fixed Income Shares, 2015 WL 5244707, at *6; Blackrock Balanced Capital, 95 F. Supp. 3d at 709; Retirement Board of Policemen's Annuity & Benefit Fund of Chi v. BNY Mellon, No. 11-cv-5459 (WHP), at *6 (S.D.N.Y. Dec. 18, 2015). Second, Plaintiffs' contention that Blackrock's claims arise from Defendants' common conduct in systematically failing to perform their duties as Trustees may be a common thread that tends to support the exercise of supplemental jurisdiction. See

7

Blackrock Balanced Capital, 95 F. Supp. 3d at 709-10 ("[T]he allegations arise from the common conduct of HSBC in systematically failing to perform its duties as a trustee."); see also Fixed Income Shares, 2015 WL 5244707, at *7. Third, many of the entities involved in the Indenture Trusts are also involved in the PSA Trusts. See Fixed Income Shares, 2015 WL 5244707, at *7. The following comment by Blackrock's counsel during oral argument on December 22, 2015 is illustrative:

> With respect to the Indenture Trusts, which unquestionably there is federal jurisdiction, 12 of the 14 responsible parties are also involved in PSA trusts in the Wells Fargo case. In the Deutsche Bank case, 23 out of the 26 responsible parties are involved in the Indentures and also in the PSA Trusts.

(See Transcript, dated December 22, 2015, at 22:15-20).

Based on the foregoing, there arguably may be sufficient facts "to demonstrate that the claims relating to the PSA Trusts form part of the same case or controversy as those relating to the Indenture Trusts." See Fixed Income Shares, 2015 WL 5244707, at *7.

## The Court Declines to Exercise Supplemental Jurisdiction Over Blackrock's PSA Trust-Related Claims

Defendants correctly argue that "[w]hether the Court can exercise supplemental jurisdiction does not end the inquiry [b]ecause supplemental jurisdiction is a 'doctrine of discretion' [and a] court may decline to exercise it where the state-law 'claim substantially predominates over the claim or claims over which the district court has original jurisdiction.'" (See Defs.' Mot. at 10) (citing 28 U.S.C. § 1367(c)(2), (4)). Defendants contend persuasively that "Plaintiffs' state law [claims] predominate over their single federal TIA claim [because,] with respect to the [Deutsche Bank] defendants, 191 different Plaintiffs assert *no* federal claim – only state law claims – for almost 90% of the Trusts at issue, and assert only a single federal claim . . . for the remaining 64 Indenture Trusts at issue. With respect to Wells Fargo, the 175 different Blackrock Plaintiffs assert *no* federal claim – only state law claims – for 96% of the Trusts at issue, and assert only a

8

single federal claim . . . for the remaining 12 Indenture Trusts at issue." (Id. at 11) (emphasis in original). Plaintiffs counter that "the predominance inquiry focuses on the type of claims, not the number of damages involved," and that Plaintiffs' claims are not the type that "raise 'factual and legal issues' that are 'wholly distinct' and 'more complex, require more judicial resources to adjudicate, or are more salient in the case as a whole than the federal law claims." (Pls.' Opp'n at 6) (quoting Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 246-47 (2d Cir. 2011)).

The Court finds that Blackrock's state law PSA Trust claims "substantially predominate" over its Federal Law Indenture Trust claims. See, e.g., Fixed Income Shares, 2015 WL 5244707, at *8 ("[B]ecause Plaintiffs will ultimately have to prove their claims loan-by-loan and trust-by-trust, the Court concludes that the state-law claims do 'substantially predominate' over the federal claims."); Blackrock Allocation Target, 2015 WL 2359319, at *4. The Court declines to exercise supplemental jurisdiction over Blackrock's PSA Trusts. See 28 U.S.C. § 1367(c); see also see also Blackrock Allocation Target, 2015 WL 2359319, at **4-5.

While the predominance inquiry generally focuses upon the type of claims involved, courts recognize that "a disparity in numbers between state and federal claims may be so great that it becomes dispositive by transforming the action to a substantial degree by **causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog.**" See Fixed Income Shares, 2015 WL 5244707, at *8 (quoting De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003)) (emphasis added); see also Blackrock Allocation Target, 2015 WL 2359319, at *4 (same); Panam Mgmt. Grp., Inc. v. Pena, No. 08-cv-2258 (JFB) (ARL), 2010 WL 3708656, at *5 (E.D.N.Y. Sept. 14, 2010). Only 76 of the 837 Blackrock Trusts at issue are Indenture Trusts. (See Dec. 23 Joint Letter at 1). "[I]t is plain that the time

9

and resources spent on the PSA Trust claims, were the Court to retain jurisdiction over them, would far outweigh the time and resources devoted to the Indenture Trust claims." See Fixed Income Shares, 2015 WL 5244707, at *8; see also Blackrock Allocation Target, 2015 WL 2359319, at *4 ("Ultimately, these numbers suggest that state law claims substantially predominate over the TIA claim-and that exercising supplemental jurisdiction would create difficult management issues that would not otherwise arise."). In addition, "the values of judicial economy, convenience, fairness, and comity," Int'l Coll. of Surgeons, 522 U.S. at 173, weigh against exercising supplemental jurisdiction. "This case is still in its early stages, and an action involving many Trusts – each of which requires individualized proof – would plainly be more complex than an action involving only a few Trusts. There is therefore no indication that either judicial economy or convenience would be advanced by the Court's exercise of supplemental jurisdiction." See Fixed Income Shares, 2015 WL 5244707, at *9.

There is some suggestion that Plaintiffs may be engaging in forum shopping. Defendants point out that, as in Fixed Income Shares, "in direct response to the assignment of the case to an experienced New York judge who has been skeptical of claims like those asserted here," see 2015 WL 5244707, the Blackrock Plaintiffs "initially filed their Complaints in New York state court but quickly dismissed them [and refiled in federal court] after the cases were assigned to a state court judge who has issued rulings in a similar case that were unfavorable to Plaintiffs." (See Defs.' Mot. at 11-12) (citing Phoenix Light SF ltd. v. Goldman Sachs Grp., Inc., No. 652356/2013, 2013 WL 2650534, at *6 (Sup Ct. N.Y. Cty. 2014)). Plaintiffs respond that "the fact that plaintiffs originally filed the action in state court is no reason to decline supplemental jurisdiction." (Pls.' Opp'n at 6-7). "Courts have recognized that it is 'particularly appropriate to decline to exercise supplemental jurisdiction' where a party invokes federal jurisdiction as part

of 'an effort in forum shopping.'" Fixed Income Shares, 2015 WL 5244707, at *9; see also Solid State Logic, Inc. v. Terminal Mktg. Co., No. 02 CIV. 1378 (DLC), 2002 WL 1586977, at *5 (S.D.N.Y. July 18, 2002).[4]

## V.    Conclusion & Order

For the foregoing reasons, the Court grants in part Defendants' motion to dismiss [#46], and declines to exercise supplemental jurisdiction over the Blackrock Plaintiffs' 761 PSA Trust-related claims. In so doing, the Court does not reach the merits of the parties' claims or the (other) contentions set forth in Defendants' motion to dismiss. The Court will provide Plaintiffs with the opportunity to file a joint Amended Complaint within three (3) weeks of the date of this Decision and Order. Thereafter, Defendants may submit a joint pre-motion letter requesting a pre-motion conference and outlining any anticipated grounds to dismiss the joint Amended Complaint. Plaintiffs are requested to submit a joint response letter to Defendants' letter.

The Clerk of the Court is respectfully requested to grant in part and deny in part Defendants' motion to dismiss [#46] as outlined above.

Dated: New York, New York
       January 19, 2016

*RMB*

RICHARD M. BERMAN, U.S.D.J.

---

[4] It should be noted that the Court is **not** entering a finding that Plaintiffs have engaged in forum shopping.