April 22, 2016

**BY ECF AND HAND DELIVERY**

Hon. Richard M. Berman
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007

> Re: *Coordinated RMBS Trustee Actions Against Wells Fargo Bank, N.A.*, and *Deutsche Bank Nat'l Trust Co.,* **Nos. 14-CV-9371; 14-CV-10102; 14-CV-10067; 14-CV-9764; 15-CV-10033; 14-CV-09367**

Dear Judge Berman:

On behalf of Plaintiffs in the above-referenced actions, we respond to Defendants' April 5, 2016 request for a pre-motion conference. Defendants raise no valid basis for dismissal.[1]

***Breach of Contract Claims*:** Plaintiffs sufficiently state breach of contract claims, as numerous courts have ruled on indistinguishable pleadings. *See Phoenix Light v. Deutsche Bank*, 2016 WL 1212573, at *8-11 (S.D.N.Y. 2016) ("*PL-DB*").[2] As in those cases, Plaintiffs sufficiently allege that Defendants: have contractual monitoring, notification, and enforcement obligations; discovered – *i.e.*, knew or *should have known* – of representation and warranty breaches but failed to enforce repurchase remedies, *see Policemen's Annuity v. Bank of Am., N.A.*, 907 F. Supp. 2d 536, 553 (S.D.N.Y. 2012); failed to ensure prudent servicing standards;

---

[1] Because courts in this district have uniformly rejected efforts to dismiss on identical grounds asserted by Defendants, Judge Gardephe required the trustee to establish a good faith basis before moving to dismiss. *See Pac. Life Ins. Co. v. U.S. Bank N.A.*, No. 16-cv-555 (PGG), 4/14/16 Tr. at 2-3 (Exhibit A).

[2] *See also Blackrock v. U.S. Bank*, 2016 WL 796848, at *15 (S.D.N.Y. 2016); *Phoenix Light v. The Bank of N.Y. Mellon*, No. 14-cv-10104 (S.D.N.Y. 2015); *Fixed Income Shares: Series M v. Citibank*, 2015 WL 5244707 (S.D.N.Y. 2015); *Royal Park v. HSBC*, 109 F. Supp. 3d 587, 600-06 (S.D.N.Y. 2015) ("*HSBC*"); *VNB Realty, Inc. v. U.S. Bank*, 2014 WL 1628441 (D.N.J. 2014); *Ret. Bd. of Policemen's Annuity & Benefit Fund of City of Chi. v. Bank of N.Y. Mellon*, 914 F. Supp. 2d 422, 431 (S.D.N.Y. 2012), *abrogated on other grounds*, 943 F. Supp. 2d 428 (S.D.N.Y. 2013).

Hon. Richard M. Berman
April 22, 2016
Page 2

received written notice or actual knowledge of Events of Default but failed to act prudently; and caused damages by breaching these contractual duties. Defendants' reliance on the "no action" clauses is "absurd." *See Phoenix Light-DB*, 2016 WL 1212573 at *11; *Cruden v. The Bank of N.Y.*, 957 F.2d 961, 968 (2d Cir. 1992). Finally, the "negating clauses" do not apply and Plaintiffs have standing here. And if they do not, any standing issues are curable with an authorization from the nominal holder. *PL-DB,* 2016 WL 1212573, at *8.

***"All Cases"*:** Defendants' assertion that some claims alleging Defendants failed to enforce contractual remedies should be dismissed because a responsible party was insolvent or because Defendants did enforce the remedies cannot be resolved on a motion to dismiss, as it involves factual issues that require discovery. Further, Plaintiffs' servicer claims, which involve ongoing violations, are unaffected by other entities' insolvency. Statute of limitations defenses also turn on facts that cannot be resolved on a motion to dismiss. *See PL-DB*, 2016 WL 1212573, at *6-7.

***Tort Claims*:** Plaintiffs' tort claims are not duplicative of their contract claims, are not barred by the economic loss rule, and adequately allege that Defendants breached their fiduciary duties and had a cognizable conflict of interest. *See HSBC*, 109 F. Supp. 3d at 608-10.

***TIA Claims*:** Plaintiffs adequately allege violations of §§ 315(b) and (c) of the Trust Indenture Act of 1939, 15 U.S.C. §§ 77aaa *et seq*. *See HSBC*, 109 F. Supp. 3d at 611-12. The Act provides for a private right of action. *See Citibank*, 2015 WL 5244707, at *4-6.

***Streit Act Claims*:** Phoenix Light, NCUA, Royal Park, and Commerzbank have a private right of action under the Streit Act as the trusts directly hold mortgages on real property and Plaintiffs adequately allege Defendants' breaches. *See HSBC*, 109 F. Supp. 3d at 610-11.

***BlackRock v. DB/BlackRock v. WF*:** Numerous courts have sustained Plaintiffs' identical claims for breach of the duty to avoid conflicts of interest. DB's standing, waiver, timeliness and

Hon. Richard M. Berman
April 22, 2016
Page 3

champerty defenses are meritless and cannot be resolved at the pleading stage.

**Phoenix Light v. WF**: Plaintiffs have standing as they have acquired and hold the certificates and have entered into agreements with their CDO trustees assigning to them the right to assert claims. Defendants' purported lack of standing arguments have been rejected in *Phoenix Light SF Ltd., et al. v. U.S. Bank N.A., et al.*, 2016 WL 1169515, at *6-7 (S.D.N.Y. Mar. 22, 2016)

**NCUA v. WF**: NCUA has derivative standing to bring claims on behalf of certain re-securitization "NGN Trusts." *See NCUA v. HSBC*, 117 F. Supp. 3d 392, 399-400 (S.D.N.Y. 2015). *NCUA v. U.S. Bank*, No. 14-CV-9928, ECF No. 120 at 19-22, ignored that the Delaware Statutory Trust Act ("DSTA") expressly authorizes "[d]erivative actions" under circumstances that are indisputably satisfied. 12 Del. C. § 3816(a). Further, the NGN Indenture Trustee's consent is sufficient to provide NCUA with derivative standing. *See Kaplan v. Peat Marwick, Mitchell & Co.*, 540 A.2d 726, 731 (Del. 1988). NCUA adequately alleges CUSIP-specific damages based on breaches in loans throughout the trusts. NCUA's claims are also timely (at a minimum) under its extender statute, 12 U.S.C. § 1787. *See HSBC*, 117 F. Supp. 3d at 403.

**Commerzbank v. WF**: Commerzbank has standing because, among other reasons, it received express assignments of legal claims and has asserted claims that arose after it acquired the certificates. Commerzbank further retained its legal claims for its sold certificates that arose before the sale. Commerzbank's claims are timely under both New York and German law.

**Royal Park v. WF:** With the Court's January 19, 2016 Order not impacting Royal Park's claims, Royal Park did not amend its Complaint. Royal Park incorporates the preceding arguments and its previously filed pre-motion letters and motion papers. *See Royal Park*, Dkt. No. 17; Dkt. No. 33.

Respectfully Submitted,

Hon. Richard M. Berman
April 22, 2016
Page 4

| | |
|---|---|
| /s *Timothy A. DeLange* | /s *Christopher M. Wood* |
| Timothy A. DeLange | Christopher M. Wood |
| Bernstein Litowitz Berger | Robbins Geller Rudman |
|    & Grossmann LLP |    & Dowd LLP |
| *Counsel for Plaintiffs Blackrock Balanced Capital Portfolio (FI), et al.* | *Counsel for Plaintiff Royal Park Investments SA/NV* |
| | |
| /s *John A. Libra* | /s *Steven S. Fitzgerald* |
| John A. Libra | Steven S. Fitzgerald |
| Korein Tillery, LLC | Wollmuth Maher |
| *Counsel for Plaintiffs National Credit Union Administration Board, et al.* |    & Deutsch LLP |
| | *Counsel for Plaintiffs Phoenix Light SF Limited, et al. and Commerzbank AG* |

cc: All Counsel of Record (Via CM/ECF)