# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

DIRECT NUMBER: (212) 326-3771
JJURGENS@JONESDAY.COM

October 31, 2017

**VIA ECF**
The Honorable Sarah Netburn
United States District Court
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:  *BlackRock Allocation Target Shares: Series S Portfolio, et al. v. Wells Fargo Bank, N.A.*, 14-cv-9371

Dear Judge Netburn:

We represent defendant Wells Fargo Bank, N.A. ("Wells Fargo").  We write pursuant to Rule 37(a) and Rule 37(b) seeking an order to address Plaintiffs' unexplained failure to produce numerous responsive documents that Plaintiffs produced in their parallel actions against other RMBS trustees.  In light of what appears to be a disturbing breakdown in Plaintiffs' document collection and review procedures, we seek an order as follows: (1) extending by one hour the duration of PIMCO's upcoming substantive 30(b)(6) deposition and by thirty minutes the 30(b)(6) depositions of the other Plaintiffs (except DZ Bank), so that Wells Fargo can pose questions concerning the numerous documents that Plaintiffs failed timely to produce; (2) ordering Plaintiffs to explain their systemic discovery failures, including why the material deposition exhibits discussed below were not produced; and (3) ordering Plaintiffs to pay Wells Fargo's attorneys' fees and costs associated with Plaintiffs' discovery failures.

There is strong evidence of a systemic problem with Plaintiffs' document review and production.  Indeed, we have identified more than one hundred documents that Plaintiffs failed to produce (but should have), including at least two dozen material documents that were used as deposition exhibits in the other trustee actions.  Mindful of the close of fact discovery,[1] we seek targeted relief only.  We learned about the material unproduced documents only after we had completed the depositions of the relevant individual custodians and, therefore, Wells Fargo has been prejudiced as it was denied the opportunity to ask individual witnesses about those documents at their depositions.  Moreover, what led to this systemic discovery failure remains a mystery.  Despite repeated requests, Plaintiffs have been unwilling to provide an explanation for why they failed to produce material documents to Wells Fargo that were responsive to Wells Fargo's document requests, yet produced in the other RMBS trustee actions.

The deposition protocol order in this action required Plaintiffs to provide Wells Fargo with deposition transcripts and exhibits from the other RMBS trustee actions from common witnesses regardless of whether the individual witness was deposed in this action first.

---

[1] Wells Fargo unsuccessfully tried to resolve this dispute through the meet and confer process prior to the October 31 deadline that the Court proposed for party fact discovery.  On October 27, Plaintiffs belatedly offered to discuss their document production issues, but were only willing to do so after the October 31 deadline.  We asked Plaintiffs to discuss the issue sooner.  In doing so we noted that seven weeks had passed since we had first raised the issue, and that any further delay was unnecessary and unwarranted.  We further advised that we would be writing the Court today if Plaintiffs would not agree to meet and confer beforehand.  We never heard back from Plaintiffs.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Sarah Netburn
October 31, 2017
Page 2

(Deposition Protocol, ECF No. 284 at ¶ 43.)  In accordance with that court-ordered procedure,
Plaintiffs produced to Wells Fargo dozens of deposition transcripts and hundreds of deposition
exhibits from the other RMBS trustee actions.   But Plaintiffs produced the vast majority of the
deposition exhibits long after Wells Fargo had deposed the relevant individuals in this action.

When Wells Fargo analyzed the deposition exhibits used in the other actions, it identified
more than one hundred documents that it did not recall seeing previously.  The unfamiliar
documents included several email chains, only portions of which had already been produced in
this action.  We considered the possibility that those deposition exhibits had not been produced
in this action because of differences between the search terms and custodian lists used in the
other RMBS trustee actions.  We immediately ruled that hypothesis out by comparing the
deposition exhibits to the search terms and custodian lists the Court ordered Plaintiffs to use in
this action.  In doing so, Wells Fargo identified no fewer than ***24 material exhibits*** that should
have been produced in this action, but were not.  Of those material exhibits, 16 are material
PIMCO documents.

The documents are material because they bear on Wells Fargo's defenses, including,
among others, its mitigation, causation and statute of limitations defenses.  For example, the
withheld documents concern and reflect the following:



Hon. Sarah Netburn
October 31, 2017
Page 3

JONES DAY



That other RMBS trustees chose to use these documents as deposition exhibits confirms their materiality.  While one might expect isolated documents to be missed in a substantial production, the number and materiality of the omitted documents raises troubling questions as to why Plaintiffs' production to Wells Fargo was incomplete.  Of course, the 24 material documents are the ones that we know about.  And they are just the most material subset-of-a-subset of the documents that should have been part of Plaintiffs' production to Wells Fargo.  There's no telling how many other documents, including material documents, went unproduced.

On September 8, Wells Fargo wrote Plaintiffs requesting that they explain why certain documents had been withheld from their productions in this action.  Wells Fargo further requested that Plaintiffs review any unproduced deposition exhibits used in other actions to confirm whether those documents should not have been produced to Wells Fargo.  On September 12, Plaintiffs responded by saying that it would take two to three weeks for them to analyze the documents that Wells Fargo identified and determine whether they were relevant and responsive given the search terms that the court ordered them to use.  On October 9, Plaintiffs wrote again.  They did not offer any explanation for their discovery failures.  Although three weeks had passed, they stated that they *still* had not attempted to even confirm that they had not produced the documents Wells Fargo had identified as part of their electronic discovery productions in this action.  Attempting to shift the unnecessary expenses and burden caused by their discovery lapses to Wells Fargo, Plaintiffs requested that Wells Fargo have its ESI vendor conduct a search term analysis and share it with Plaintiffs.

On October 24, as a courtesy, Wells Fargo identified the relevant search strings.  To address the prejudice that Plaintiffs had caused, we proposed that PIMCO voluntarily agree to extend the time of its substantive 30(b)(6) deposition by 60 minutes so that the 16 unproduced PIMCO documents could be addressed, and that the other Plaintiffs agree to extend their respective 30(b)(6) depositions by 30 minutes to address any of their unproduced documents.  As noted above, Plaintiffs would not agree to meet and confer about this proposal prior to the October 31 deadline.

Wells Fargo now asks the Court to order that it be permitted 30 extra minutes at the 30(b)(6) depositions of each Plaintiff (except DZ Bank).   And since PIMCO withheld the vast

JONES DAY

Hon. Sarah Netburn
October 31, 2017
Page 4

majority of the material documents (16 of the 24 material exhibits Wells Fargo identifies), we request that its substantive 30(b)(6) deposition be extended by at least an additional 60 minutes. Giving Wells Fargo more time to take the 30(b)(6) depositions is a measured way to address the prejudice caused by Plaintiffs' failure to produce the documents in a timely manner.  Since Wells Fargo had no opportunity to ask any of the individual witnesses deposed thus far about these documents (through no fault of its own), it should be permitted additional time to question Plaintiffs' corporate representatives, without prejudicing its right to examine those witnesses fully on the previously noticed topics.

Wells Fargo also asks that the Court order Plaintiffs to explain in client-executed declarations what caused the breakdown in their document review and production process so that the Court can determine if further relief is warranted.  Plaintiffs have refused to provide any explanation to Wells Fargo.  As a result, we do not know whether the material exhibits were withheld by accident or intentionally.  We also do not know the scope of the problem or whether other documents were improperly withheld.  Indeed, after Wells Fargo raised the issue with Plaintiffs, Deutsche Bank advised the Court that it had similar concerns with Plaintiffs' productions in its case.  (*BlackRock Balanced Capital Portfolio (FI), et al. v. Deutsche Bank Nat'l Tr. Co., et al.*, 14 Civ. 9367 (JMF) (SN) (S.D.N.Y.), ECF No. 354 at 6-7 (Joint letter from the parties).)  That an identical concern was raised by another defendant in a separate case underscores the need for Plaintiffs to provide a full and complete explanation of what has happened.

Finally, we request that the Court impose monetary sanctions on Plaintiffs.  Wells Fargo spent a considerable amount of time analyzing the deposition exhibits to determine whether and to what extent they should have been produced in this action.  Plaintiffs refused to do any analysis of their own and, instead, asked Wells Fargo to do it for them.  Under these circumstances, Plaintiffs should be ordered to reimburse Wells Fargo its reasonable expenses, including attorneys' fees.

*       *       *

For these reasons, the Court should extend the amount of time Wells Fargo has to take Plaintiffs' upcoming substantive 30(b)(6) depositions, order Plaintiffs to explain in client-signed declarations precisely why they failed to fulfill their discovery obligations under oath in sworn affidavits, and award Wells Fargo reasonable costs and attorneys' fees associated with the discovery failures discussed herein.

Respectfully submitted,

*/s/  Jason Jurgens*

Jason Jurgens

cc:  All Counsel of Record (via ECF)