UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/20/2018

BLACKROCK ALLOCATION TARGET
SHARES: SERIES S PORTFOLIO, et al.,

                **Plaintiffs,**           14-CV-09371 (KPF)(SN)

      -against-                                    **ORDER**

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

                **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      The parties submitted status letters raising a number of ongoing discovery issues. See ECF Nos. 620, 621, 623, 625. The disputes requiring judicial intervention involve only the plaintiffs in the BlackRock action and Wells Fargo.

**I.    DEFENDANT'S MOTION TO COMPEL**

      Wells Fargo seeks to compel supplemental answers to certain interrogatories concerning the Plaintiffs' knowledge of originator, servicer, and warrantor events (the "Events") listed in the exhibits to their complaint. The answers to these interrogatories bear on Wells Fargo's statute of limitations and failure to mitigate defenses. The Court has required the plaintiffs in related actions to supplement their responses to provide a precise date upon which they actually learned of similar events. See Commerzbank A.G. v. Wells Fargo Bank, N.A., 15-cv-10033 (KPF)(SN), ECF No. 335 (the "Commerzbank/Wells Fargo Order"). In their letter, the BlackRock Plaintiffs contend that they learned of the Events shortly before filing the complaint, while in their answer to the actual interrogatory, they contend they learned of the Events "on or before June 18,

2014"—the date they filed their initial complaint. But it is incredible that the Plaintiffs would have filed a complaint the same day they learned of its contents. Moreover, responding that you learned of an event on a particular date *or before* that date, is inadequate. At a minimum, Wells Fargo is entitled to certainty with respect to the Plaintiffs' position. Accordingly, the Plaintiffs are ORDERED to investigate further in order to supplement their responses to designate a precise date on which they *first* learned of the Events. The Plaintiffs should follow the protocol outlined in the Commerzbank/Wells Fargo Order to comply with this order.

Wells Fargo further seeks to compel the production of three categories of documents that it contends the Plaintiffs may be withholding. This belief is based on its interpretation of various letters that the Plaintiffs submitted to the Court. Wells Fargo complains generally about discovery failings, but identifies no particular documents (or category of documents) that it believes are being inappropriately withheld. Its selective reading of the BlackRock Plaintiffs' letters is an insufficient grounds upon which to require them to revisit the ESI protocol and engage wholesale re-review and production of documents. Wells Fargo's motion to compel additional production of documents is DENIED.

## II.   PLAINTIFFS' MOTION TO COMPEL

Plaintiffs seek to compel additional responses to certain interrogatories. Interrogatory No. 14 requests the dates on which Wells Fargo contends the Plaintiffs obtained sufficient knowledge to bring a claim against Wells Fargo. The Court required Deutsche Bank to supplement a similar interrogatory in that case. See BlackRock Balanced Capital Portfolio (FI), et al. v. Deutsche Bank Nat'l Tr. Co., 14-cv-09367, ECF No. 369. Wells Fargo agrees to supplement its responses to remain consistent with the Deutsche Bank Order. It maintains, however, that it needs an answer to the earlier-mentioned interrogatories concerning the Events in Plaintiffs' complaints

before being able to update its responses accurately. The Court agrees, and ORDERS Wells Fargo to update its answer to this interrogatory within 30 days of receiving supplemental answers to those interrogatories propounded upon Plaintiffs related to the Events.

Plaintiffs further seek additional answers to interrogatories asking Wells Fargo to identify evidence of its discovery of R&W breaches and to identify evidence of its knowledge of seller misconduct. For the reasons outlined in Wells Fargo's December 6, 2017 letter, the Court DENIES these requests as duplicative, overly broad, and generally burdensome in violation of Federal Rule of Civil Procedure 33(d).

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 620 & 621.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   February 20, 2018
         New York, New York