**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLACKROCK ALLOCATION TARGET SHARES:  SERIES S PORTFOLIO, et al., | Case No. 14-cv-9371-KPF-SN |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO WELLS FARGO'S**
**SURREPLY AND IN FURTHER SUPPORT OF PLAINTIFFS' MOTION**
**FOR CLASS CERTIFICATION AND APPOINTMENT OF**
**CLASS REPRESENTATIVES AND CLASS COUNSEL**

*Article III Standing.*  Plaintiffs have Article III standing to pursue TIA claims on all Trusts because Wells Fargo's ongoing violations of Sections 315(b) and (c) of the TIA have and continue to cause Plaintiffs injury in the form of reduced cash flows.  The TIA provides redress for these continuing violations, regardless of whether Plaintiffs suffered "actual damages."  *See*, *e.g.*, *Marblegate Asset Mgmt. v. Educ. Mgmt. Corp.*, 75 F. Supp. 3d 592, 611 (S.D.N.Y. 2014) (Failla, J.) (recognizing viability of injunctive relief for TIA claims).  The TIA's damages provision does not speak to standing; rather, it limits a party's ultimate recovery to its "actual damages."  15 U.S.C. § 77www(b).

*Damages Measure.*  The TIA's "actual damages" provision does not specify any particular measure of damages, let alone limit bondholders to their "out-of-pocket" losses.  *See McMahan & Co. v. Wherehouse Entm't, Inc.*, 65 F.3d 1044, 1049 (2d Cir. 1995) (benefit-of-the-bargain damages available to bondholders under Securities Exchange Act's "actual damages" provision); *Osofsky v. Zipf*, 645 F.2d 107, 114 (2d Cir. 1981) (same).  Other federal courts are in accord.  *See*, *e.g.*, *Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1137 (5th Cir. 1988), *vacated on other grounds*, *Fryar v. Abell*, 492 U.S. 914 (1989) (rejecting argument that only out-of-pocket damages are available); *HCM High Yield Opportunity Fund, LP v. Skandinaviska Enskilda Banken AB*, 2001 WL 36186526, at *15 (S.D. Fla. Dec. 14, 2001) (same).  Here, a benefit-of-the-bargain measure is particularly appropriate given that Plaintiffs' TIA claims sound in contract, not tort.  *Chesapeake Energy Corp. v. Bank of N.Y. Mellon Tr. Co., N.A.*, 837 F.3d 146, 150 (2d Cir. 2016) ("where a valid and enforceable contract governs the relevant subject matter of the parties' dispute, the contract . . . should determine the measure of a party's recovery . . . ."); S. Rep. No. 76-248, at 2 (1939) (expressing intent and purpose of TIA, including that "[a]fter the indenture has been executed it will be enforceable only by the parties, *like any other contract*.")  (emphasis added).

Plaintiffs' benefit-of-the-bargain damages model does not transform Wells Fargo into a "guarantor" of the Notes.  ECF No. 706 at 3.  Instead, it calculates only the portion of the Trusts' losses attributable to Wells Fargo's failure to perform its bargained-for obligations.  *See Panos v. Island Gem Enters., Ltd., N.V.*, 880 F. Supp. 169, 181 (S.D.N.Y. 1995) ("'A claim for benefit-of-the-bargain damages must be based on the bargain that was actually struck . . . .'") (quoting *Barrows v. Forest Labs., Inc.*, 742 F.3d 54, 59, 60 (2d Cir. 1984)).  Finally, Plaintiffs have shown that benefit-of-the-bargain damages can be calculated with reasonable certainty, and any finding to the contrary would be inappropriate at this stage.  ECF No. 669-3 §§ V, VI; *McMahan*, 65 F.3d at 1049.  While not required, Plaintiffs have also demonstrated out-of-pocket losses for at least four of the Trusts.  After applying the straightforward out-of-pocket loss formula that both parties' experts initially endorsed (Current Value of the Certificates – Purchase Amount + All Principal Distributions), Plaintiffs have suffered a total of $1.3 million on their investments in these Trusts.  This is basic arithmetic, not expert opinion.  *See, e.g.*, *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1124 (10th Cir. 2005) ("A mathematical calculation well within the ability of anyone with a grade-school education is . . . more aptly characterized as a lay opinion under Fed.R.Evid. 701.").

**Netting.**  Offsetting investors' losses by payments for interest received (i.e., "netting") is routinely rejected by courts.  *See, e.g.*, *Randall v. Loftsgaarden*, 478 U.S. 647, 663 (1986) (Exchange Act claims not limited to "net economic harm"); *Kane v. Shearson Lehman Hutton, Inc.*, 916 F.2d 643, 646 (11th Cir. 1990) (rejecting netting).  Consistent with the Second Circuit precedent, including interest payments is inequitable,[1] and would "shelter [Wells Fargo] from any appreciable liability" and "undermine the goal of deterrence."  *Gordon v. Sonar Capital Mgmt.*

---

[1] For example, if PIMCO purchased a bond in 2008 at $100, which yields 5% annual interest, and sold the bond today at $60, it would suffer $40 of investment losses.  But including $50 of interest paid over the past 10 years would falsely suggest a $10 profit.

*LLC*, 92 F. Supp. 3d 193, 202 (S.D.N.Y. 2015); *In re: LIBOR-Based Fin. Instruments Antitrust Litig.*, 2018 WL 1229761, at *74 (S.D.N.Y. Feb. 28, 2018) (same).  Moreover, Wells Fargo's new "netting" argument contradicts its prior expert report and the law.  ECF No. 686-9, at ¶¶137-39 (calculating out-of-pocket losses "consistent with Dr. Hartzmark's formula.").  *LNC Invs., Inc. v. First Fid. Bank*, 1997 WL 528283 (S.D.N.Y. Aug. 27, 1997) and *BlackRock Allocation Target Portfolio v. U.S. Bank, Nat'l Ass'n*, 14 Civ. 9401 (S.D.N.Y.), ECF No. 686-2, do not address let alone support netting.  Wells Fargo's "nominal damages" authorities are also off-point as neither case involved TIA claims.  *See Excelled Sheepskin & Leather Coat Corp. v. Or. Brewing Co.*, 2016 WL 8458987 (S.D.N.Y. Aug. 12, 2016) (Lanham Act claims); *Virostek v. Liberty Twp. Police Dep't*, 14 F. App'x 493 (6th Cir. 2001) (federal and state discrimination claims).

   ***Federal Question Jurisdiction.***  The Court has federal question jurisdiction, regardless of whether Plaintiffs' TIA claims are viable.  The TIA is expressly incorporated into each Indenture and is the basis for Plaintiffs' contract claims.  *See* ECF No. 669-24, at 38 ("Every provision of this Indenture relating to the conduct or affecting the liability of or affording protection to the Indenture Trustee shall be subject to . . . the provisions of the TIA.").  Wells Fargo's liability under the TIA, and in turn under the contract, is a substantial issue of federal law affecting thousands of RMBS investors.  *See NASDAQ OMX Grp., Inc. v. UBS Secs., LLC*, 770 F.3d 1010, 1024 (2d Cir. 2014) (substantiality satisfied where federal issue was "significant to the development of a uniform body of federal securities regulation"); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 192, 195 (2d Cir. 2005) (substantiality satisfied where breach of contract claim implicated a "complex federal regulatory scheme.").[2]  Further, resolution of the contract claims does not threaten to

---

[2]  The Second Circuit reaffirmed its holding in *Broder* after *Gunn* was decided.  *See N.Y. ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 317 (2d Cir. 2016).

disturb the federal-state allocation of jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013). Wells Fargo's authorities concern federal issues that are tangential or limited to the parties, and are inapposite. *See* ECF No. 706 at 5 (citing *Liana Carrier Ltd. v. Pure Biofuels Corp.*, 672 Fed. App'x 85, 91-92 (2d Cir. 2016) (resolution of federal issue relevant only to parties); *Fracasse v. People's United Bank*, 747 F.3d 141 (2d Cir. 2014) (no interpretation of federal law required)). Finally, the Court may exercise supplemental jurisdiction where, as here, "a proper basis for the exercise of federal jurisdiction has been raised." *Enercomp, Inc. v. McCorhill Pub., Inc.*, 873 F.2d 536, 545 (2d Cir. 1989); *see also Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105-06 (2d Cir. 1998) (supplemental jurisdiction after only two months of discovery and a settlement conference not abuse of discretion).

***Class Member Standing.*** The contract governing the transfer of beneficial interest from seller to buyer is the Note itself, which is governed by New York choice-of-law provisions and in turn N.Y. General Obligation Law Section 13-107. The purported transaction-by-transaction inquiry that trustees have persuaded courts to adopt, including in *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 1831850 (S.D.N.Y. April 17, 2018), is predicated on fiction. There is no evidence of "separate contracts transferring [notes] from one holder to the next" with choice-of-law provisions inconsistent with those of the notes. Instead, RMBS transactions are placed through brokers and evidenced by standard trade confirmations that contain nothing more than basic transactional details. The brokers then transfer beneficial interests through the DTC pursuant to New York law. Reserving litigation rights is unusual. *See Bluebird Partners L.P. v. First Fid. Bank, N.A. N.J.*, 85 F.3d 970, 975 (2d Cir. 1996). As such, *Royal Park/Wells Fargo* is contrary to the market reality and unsupported by evidence. Class member standing is a common issue.

Dated: May 14, 2018                    BERNSTEIN LITOWITZ BERGER
                                           & GROSSMANN LLP


                                       */s/ Timothy A. DeLange*
                                          TIMOTHY A. DeLANGE

                                       TIMOTHY A. DeLANGE
                                       BENJAMIN GALDSTON
                                       RICHARD D. GLUCK
                                       BRETT M. MIDDLETON
                                       LUCAS E. GILMORE
                                       ROBERT S. TRISOTTO
                                       JACOB T. SPAID
                                       12481 High Bluff Drive, Suite 300
                                       San Diego, CA 92130
                                       Tel:    (858) 793-0070
                                       Fax:    (858) 793-0323

                                       *Attorneys for Plaintiffs*